UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.	Case No: 8:22-cv-2624-TPB-JSS

JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS
65.35.26.232,

    Defendant.
_____/

## ORDER

Plaintiff moves for leave to serve a third-party subpoena prior to the Federal Rule of Civil Procedure 26(f) conference in this matter. (Motion, Dkt. 9.) For the reasons set forth below, the Motion is granted.

## BACKGROUND

On November 15, 2022, Plaintiff filed a complaint against Defendant John Doe, an unidentified individual, alleging copyright infringement of Plaintiff's motion pictures by Defendant. (Dkt. 1.) As alleged in the complaint, Defendant used the BitTorrent file distribution system to copy and distribute Plaintiff's copyrighted material over the internet. (*Id.*) Plaintiff has identified Defendant only through his or her internet protocol (IP) address. (*Id.*)

In the Motion, Plaintiff seeks leave to serve a third-party subpoena on Defendant's Internet Service Provider (ISP), Charter Communications,

Inc./Spectrum (Spectrum), to learn Defendant's name and address. (Dkt. 9.) Plaintiff claims that Defendant's ISP "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." (*Id.* at 2.) Plaintiff therefore seeks leave to subpoena Spectrum for the true name and address associated with Defendant's identified IP address. (*Id.*)

## APPLICABLE STANDARDS

A party may not seek discovery from any source before the parties have conferred as required by Federal Rule of Civil Procedure Rule 26(f), unless otherwise authorized by the court. Fed. R. Civ. P. 26(d)(1). A district court has broad discretion to dictate the sequence of discovery. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When determining whether to allow expedited discovery in advance of a Rule 26(f) conference, the district court will consider whether the moving party has established "good cause." *United States v. Gachette*, NO. 6:14-cv-1539-ORL-37, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone*, 299 F.R.D. at 694 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

## ANALYSIS

The court finds that Plaintiff has demonstrated good cause for issuance of the subpoena to Spectrum. *See Manny Film LLC v. Doe*, No. 8:15-cv-507-T-36EAJ, 2015

WL 12850566, at *1 (M.D. Fla. May 18, 2015) ("In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's prima facie case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim."). Plaintiff's Complaint alleges Defendant's infringement of 258 of Plaintiff's copyrighted works (Dkt. 1 ¶ 4; Dkt. 1-1), and Plaintiff has reasonably linked this infringement to Defendant's IP address through the use of forensic investigatory tools.  *See* (Dkts. 9-1, 9-2, 9-3.)  For instance, Plaintiff employed an infringement detection system to record numerous BitTorrent transactions with Defendant's IP address and confirmed that a user at Defendant's IP address engaged in a transaction that included the transmission of a piece or pieces of a file containing Plaintiff's copyrighted work.  (Dkts. 9-1, 9-2.)  Plaintiff also confirmed that each of the files involved in transactions with Defendant's IP address correspond to Plaintiff's copyrighted material.  (Dkts. 1-1, 9-3.)

Further, Plaintiff's proposed subpoena is targeted to request only the name and address associated with Defendant's IP address (Dkt. 9-4), and Plaintiff has demonstrated that this information can only be gained through serving a subpoena on Defendant's ISP.  *See* (Dkt. 9 at 9–10; Dkt. 9-2 at 5.)  The subpoenaed information is also necessary for Plaintiff to properly serve Defendant, to conduct the Rule 26(f) conference, and to advance its infringement claim.  (Dkt. 9 at 10–11.)  Plaintiff has therefore demonstrated good cause for the requested subpoena to be issued with the additional procedural safeguards outlined below.  *See, e.g.*, *Manny Film LLC*, 2015 WL

12850566 at *2–3 (recognizing need for procedural protections due to risk that "a non-infringing party could be identified and served"); *Strike 3 Holdings, LLC v. Doe*, No. 8:22-cv-0765-KKM-CPT, 2022 WL 1721034, at *2 (M.D. Fla. May 27, 2022); *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748, at *2 (M.D. Fla. May 23, 2019).

Accordingly:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Dkt. 9) is **GRANTED** as set forth herein.

2. Plaintiff may serve Spectrum with the Rule 45 subpoena (Dkt. 9-4) directing Spectrum to provide Plaintiff with the name and address of the subscriber at the identified IP address. Plaintiff may also serve a Rule 45 subpoena seeking the same information on any other ISP that may be later identified in response to the initial subpoena to Spectrum.

3. Plaintiff shall attach a copy of the complaint (Dkt. 1), its attachments, and this order to any subpoena.

4. Any ISP that receives a subpoena pursuant to this order shall not assess any charge to Plaintiff in advance of providing the requested information; however, an ISP may elect to charge a reasonable amount for the costs of production.

5. Any ISP that receives a subpoena pursuant to this order shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

- 5 -

6.	Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint (Dkt. 1).

7.	Once Defendant's identity is discovered, Plaintiff must notify Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve Defendant at least 14 days prior to seeking an issuance of a summons from the Clerk.

**ORDERED** in Tampa, Florida, on December 2, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record